**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| CLARENCE WILLIAMS | CIVIL ACTION |
| VERSUS | 22-12-SDD-EWD |
| LOUISIANA STATE UNIVERSITY AND A&M COLLEGE, THE LOUISIANA STATE UNIVERSITY POLICE DEPARTMENT, AND OFFICER ANDREW PALERMO | |

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendants, Louisiana State University and A&M College ("LSU") and the Louisiana State University Police Department (the "LSUPD") (collectively "LSU Defendants"). Plaintiff, Clarence Williams ("Plaintiff") filed an *Opposition*[2] to this *Motion*, to which LSU Defendants filed a *Reply*.[3] For the reasons that follow, LSU Defendants' *Motion* is granted. Plaintiff shall have leave to amend.

### I. BACKGROUND

Plaintiff alleges the following. In September 2018, LSUPD Officer Andrew Palermo ("Officer Palermo"),[4] arrested Plaintiff for driving while intoxicated after Plaintiff was in a car accident.[5] Officer Palermo executed an affidavit of arrest; and, in January 2019, Plaintiff was charged with several crimes related to his operation of the vehicle.[6] In November 2020, "a nolle prosequi was entered on the said bill of information…"[7]

---

[1] Rec. Doc. No. 5.
[2] Rec. Doc. No. 10.
[3] Rec. Doc. No. 12.
[4] Officer Palermo is also named as a defendant but as not joined in the instant motion to dismiss.
[5] Rec. Doc. No. 1-2, p. 3.
[6] *Id*. at 4.
[7] *Id*.

Plaintiff asserts that Officer Palermo knowingly included false information in the affidavit of arrest, including that Plaintiff entered into a DWI checkpoint then turned around to exit the checkpoint and that Plaintiff smelled of marijuana.[8] After the arrest, but before Officer Palermo executed the affidavit, a blood sample was taken from Plaintiff which tested negative for narcotics and alcohol.[9] Plaintiff avers that Officer Palermo was aware that the test was negative when he prepared the affidavit.[10]

Plaintiff asserts several causes of action: § 1983 actions for violations of his Fourth and Fourteenth Amendment rights, malicious prosecution, intentional infliction of emotional distress, false arrest, and Louisiana constitutional violations.[11]

## II.    LAW AND ANALYSIS

LSU Defendants move to dismiss on several grounds, but the Court need only consider the first: LSU Defendants assert that they are not legal entities capable of being sued.[12] Plaintiff agrees and requests leave to amend.[13]

La. R.S. 17:3351(A)(1) provides that the Board of Supervisors of LSU, as the post-secondary management board for LSU and its related entities, has the capacity to sue and be sued. This Court has previously interpreted La. R.S. 17:3351(A)(1) to bar suit against LSU and the LSUPD as they lack capacity to be sued.[14] Therefore, the instant *Motion* must be granted.

## III.    CONCLUSION

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 5.
[12] Rec. Doc. No. 5-1, p. 6.
[13] Rec. Doc. No. 10, p. 5–7.
[14] *Davis v. Louisiana State Univ. & A&M Coll.*, 2019 WL 179580, at *4 (M.D. La. Jan. 11, 2019).

LSU Defendants' *Motion to Dismiss*[15] is granted, and LSU Defendants are dismissed with prejudice. Plaintiff will have 21 days from the date of this *Ruling* to cure the deficiencies in the *Complaint*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 13, 2022.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[15] Rec. Doc. No. 5.