# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE WILLIAMS | CIVIL ACTION |
| VERSUS | 22-12-SDD-EWD |
| LOUISIANA STATE UNIVERSITY AND A&M COLLEGE, THE LOUISIANA STATE UNIVERSITY POLICE DEPARTMENT, AND OFFICER ANDREW PALERMO | |

## RULING

This matter is before the Court on a *Motion to Dismiss*[1] filed by Defendant the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("the Board") and a *Motion to Dismiss*[2] filed by Defendant Officer Andrew Palermo ("Palermo") (collectively, "the Defendants.") Plaintiff, Clarence Williams ("Williams"), untimely filed *Oppositions*[3] to the Defendants' respective *Motions* without requesting leave of court in violation of Local Rule 7(f) of the Middle District of Louisiana. Rule 7(f) requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. The Defendants noted this deficiency in their *Reply*[4] memoranda, and Williams has filed nothing in response.

Nevertheless, the Court will consider the merits of Plaintiff's *Oppositions* instead of striking the pleadings as untimely under Rule 7(f). For the reasons addressed herein, the Court GRANTS the *Motion to Dismiss* filed by the Board and further GRANTS IN PART and DENIES IN PART the *Motion to Dismiss* filed by Palermo.

---

[1] Rec. Doc. 21.
[2] Rec. Doc. 31.
[3] Rec. Doc. 23; Rec. Doc. 32.
[4] Rec. Doc. 27; Rec. Doc. 35.

I.  **BACKGROUND**

This suit arises out of events that began on September 1, 2018 when Williams approached a sobriety checkpoint at the intersection of Nicholson and South Quad Drive in Baton Rouge, LA.[5] Officer Palermo was working the checkpoint as a Louisiana State University Police Department ("LSUPD") law enforcement officer.[6] Palermo claims that Williams attempted to avoid the DWI checkpoint and lost control of his motorcycle, causing a motor vehicle collision.[7]

Williams was treated for injuries sustained in the accident at Our Lady of the Lake Regional Medical Center.[8] He claims that while hospitalized, Palermo "caused a blood sample to be taken" from him for testing, the results of which were negative for narcotic substances and alcohol.[9] Williams asserts that Palermo was aware of the negative test results, yet he requested a warrant to arrest Williams for driving while intoxicated.[10] Palermo executed an affidavit of arrest warrant on September 5, 2018 that Williams claims is knowingly comprised of false information, such as the statement that Williams smelled of marijuana and turned around to exit the checkpoint prior to the accident.[11]

On September 6, 2018, Williams was arrested for driving while intoxicated, and on January 19, 2019, the 19th Judicial District Attorney's Office lodged a Bill of Information charging Williams with several crimes related to his operation of the vehicle.[12] These

---

[5] Rec. Doc. 20, p. 3.
[6] Rec. Doc. 20, p. 3.
[7] Rec. Doc. 20, p. 4.
[8] Rec. Doc. 23, p. 2.
[9] Rec. Doc. 20, p. 5.
[10] Rec. Doc. 20, p. 5.
[11] Rec. Doc. 20, p. 4–5.
[12] Rec. Doc. 20, p. 4–5.

charges were subsequently dismissed by the District Attorney's Office on November 24, 2020.[13]

On November 23, 2021, Williams filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, naming as Defendants: Louisiana State University and Agricultural and Mechanical College ("LSU"), the LSUPD, and Palermo.[14] LSU and LSUPD timely removed this action and moved to dismiss Williams' claims on multiple grounds.[15] The Court granted the dismissal, finding the public entity defendants lacked the legal capacity to be sued.[16] On May 3, 2022, Williams filed a *First Amended Complaint*, naming the Board and Palermo as Defendants.[17]

## II.    CLAIMS

In his *First Amended Complaint*, Williams brings federal claims pursuant to 42 U.S.C. § 1983 against the Board and Palermo individually and in his official capacity as an LSUPD officer.[18] He asserts a malicious prosecution claim against Palermo and alleges that the Defendants' "policies and conduct . . . violated his right to be free of unreasonable searches and seizures in violation of the Fourth Amendment."[19] Williams also asserts a malicious prosecution claim under state law.

The remaining claims found in the *First Amended Complaint* are not presented with clarity. Williams appears to assert claims of false arrest, failure to train, negligent supervision and/or vicarious liability: He alleges Palermo was in the course and scope of his employment with the LSUPD at the time he caused Williams to be arrested without

---

[13] Rec. Doc. 20, p. 4.
[14] Rec. Doc. 1-2, p. 2.
[15] Rec. Doc. 1; Rec. Doc. 5.
[16] Rec. Doc. 17. The Court further granted Williams leave to amend his complaint.
[17] Rec. Doc. 20.
[18] Rec. Doc. 20.
[19] Rec. Doc. 20, p. 6, ¶ 19(ii).

any "information or legal authority to do so."[20] He further claims that the LSUPD, as managed by the Board, either "ratified, approved, encouraged and endorsed" the actions of Palermo or that supervising officers ignored Palermo's actions in a grossly negligent manner.[21] The Defendants attempted to address the unclear claims in their *Motions*, and in response, Williams clarified, "The basis of all claims for which Plaintiff avers are actional are grounded in the malicious prosecution caused by Officer Andrew Palermo's allegations."[22]

### III. LAW AND ANALYSIS

#### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[23] The court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matter of which a court may take judicial notice."[24] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[25] In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[26] "While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

---

[20] Rec. Doc. 20, p. 5, ¶ 16.
[21] Rec. Doc. 20, p. 5–6, ¶18.
[22] Rec. Doc. 23, p. 3; Rec. Doc. 32, p. 3.
[23] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[24] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[25] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.
[26] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) [hereinafter *Twombly*].

formulaic recitation of the elements of a cause of action will not do."[27] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[28] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[30] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[31] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[32] Rather, the inquiry is whether the allegations in the complaint plausibly state a claim for relief.

### B. Claims Waived or Barred by Operation of Law

The Defendants move to dismiss Williams' federal and state law claims as being untimely and therefore barred by operation of law. Other than the claims related to the alleged malicious prosecution by Palermo, Williams does not oppose or address the prescription arguments raised by Defendants. Instead, he concedes that the only actionable claims in his *First Amended Complaint* are "grounded in the malicious prosecution caused by Officer Andrew Palermo."[33] To the extent Williams asserts false arrest or additional claims arising under the Fourth Amendment or state law, such as

---

[27] *Id.*
[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) [hereinafter *Iqbal*].
[29] *Twombly*, 550 U.S. at 556.
[30] *Iqbal*, 556 U.S. at 678.
[31] *Taha v. William Marsh Rice University*, No. 11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[32] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[33] Rec. Doc. 23, p. 3; Rec. Doc. 32, p. 3.

failure to train/supervise, negligence and/or any other implied tort claims, said claims are waived and are hereby dismissed.[34]

Turning to the timeliness of the malicious prosecution claims, federal courts apply a state's personal injury statute of limitations to claims brought under 42 U.S.C. § 1983.[35] In Louisiana, § 1983 actions are subject to a liberative prescriptive period of one year.[36] "Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'"[37] A malicious prosecution claim asserted under 42 U.S.C. § 1983 is said to accrue only when criminal proceedings terminate in a claimant's favor.[38] Additionally, a malicious prosecution claim asserted under Louisiana law does not arise until termination of the prosecution.[39]

Williams filed his petition for damages within one year of the date the District Attorney dismissed the Bill of Information against him.[40] To the extent Williams asserts malicious prosecution claims under § 1983 and under state law, these claims were timely filed following termination of the prosecution in favor of Williams. Accordingly, the federal and state law claims related to the malicious prosecution of Williams are the only claims that remain at issue.

---

[34] Failure to brief an argument in the district court waives that argument in that court. *See Family Values Res. Inst., Inc. v. Louisiana Through Dep't of Children & Family Servs.,* CV 21-415-JWD-RLB, 2022 WL 141776, at *3 (M.D. La. Jan. 14, 2022).
[35] *Cannon v. S. Univ. Bd. of Supervisors*, CV 17-527-SDD-RLB, 2018 WL 1881250, at *2 (M.D. La. Apr. 19, 2018).
[36] *Id.*
[37] *McDonough v. Smith*, 204 L.Ed.2d 506, 139 S.Ct. 2149, 2155 (2019).
[38] *Id.*
[39] *Warren v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 2014-0310, p. 4 (La. App. 1 Cir. 11/20/14), 168 So.3d 436, 438 (quoting *Walls v. State*, 95–1133 (La. App. 3 Cir. 1/31/96), 670 So.2d 382, 385.
[40] *See* Rec. Doc. 1-2.

**C. Federal Claims under 42 U.S.C. § 1983**

The Civil Rights Act of 1964, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[41] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....[42]

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"[43]

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[44] A § 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[45]

1. <u>Claims Against the Board and Officer Palermo in his Official Capacity</u>

The Defendants maintain that any § 1983 claims for money damages brought against the Board and Palermo in his official capacity are barred by Eleventh Amendment sovereign immunity. A suit against a state official or employee in his official capacity is

---

[41] *See Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).
[42] 42 U.S.C. § 1983.
[43] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, (1979)); accord *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta, TX*, 73 F.3d 60, 63 (5th Cir.), *cert. denied*, 519 U.S. 818 (1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir.1985).
[44] *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997); *Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir.1984).
[45] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir.1986).

actually a suit against the state itself, and the Supreme Court has held that "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted."[46]

Although the doctrine of sovereign immunity permits an exception for claims of declaratory or prospective injunctive relief, Williams only seeks relief from these Defendants in the form of monetary damages.[47] Williams has no viable § 1983 claim against the Board or Palermo in his official capacity because they are not "persons" under § 1983.[48] These claims are hereby dismissed.

### 2. Claims Against Officer Palermo in his Individual Capacity

In the *Motion* before the Court, Palermo concedes that the Fourth Amendment malicious prosecution claim asserted against him in his individual capacity under § 1983 "can survive scrutiny under Rule 12(b)(6)."[49] Williams inexplicably states in his *Opposition* that Palermo is not entitled to qualified immunity because he violated Williams' constitutional rights—an unnecessary argument given Palermo's concession to the individual capacity claims surviving Rule 12(b)(6) scrutiny.[50] In response, Palermo asserts the defense of qualified immunity for the first time in his *Reply* brief. He argues that he did not violate Williams' "clearly established rights" because "the right to be free from

---

[46] *Med. RX/Sys., P.L.L.C. v. Texas Dep't of State Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617, 122 S. Ct. 1640, 1643, 152 L. Ed. 2d 806 (2002)).
[47] "Under *Ex Parte Young*, a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Hicks v. Dep't of Pub. Safety & Corr.*, CV 19-108-SDD-RLB, 2020 WL 428116, at *4 (M.D. La. Jan. 27, 2020), *aff'd in part, rev'd in part sub nom. Hicks v. LeBlanc*, 832 Fed.Appx. 836 (5th Cir.2020) (citing *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004)).
[48] *See Parker v. Louisiana Dep't of Pub. Safety & Corr.*, CV 18-1030-JWD-EWD, 2020 WL 4353564, at *8 (M.D. La. July 29, 2020).
[49] Rec. Doc. 31-1, p. 1.
[50] Rec. Doc. 32, p. 4.

malicious prosecution was not clearly established in the Fifth Circuit" at the time of the facts alleged.[51]

The Court declines to consider these arguments. Palermo did not raise qualified immunity in his *Motion*.[52] To the contrary, he conceded that Williams' individual capacity claim against him was viable at the Rule 12(b)(6) stage, and he cannot raise the qualified immunity argument for the first time in a reply brief.[53] Palermo's request to dismiss the individual capacity claim under § 1983 on qualified immunity grounds, raised for the first and only time in his Reply brief, is denied.

**D. State Law Claims**

1. Officer Palermo

Contrary to the Defendants' assertions, Williams factually pled a state law claim against Palermo in the form of a malicious prosecution claim. In addition to his § 1983 claims, Williams filed his *First Amended Complaint* seeking "damages for deprivations" of his right to be free from malicious prosecution as "defined by and through the laws of the State of Louisiana."[54] A claim for malicious prosecution under Louisiana law requires:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.[55]

---

[51] Rec. Doc. 35, p. 3-4.
[52] Rec. Doc. 31-1, p. 1.
[53] "Reply briefs cannot be used to raise new arguments." *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016).
[54] Rec. Doc. 20, p. 2, ¶ 3.
[55] *Armstrong v. City of Shreveport*, 532 F.Supp.3d 341, 353–54 (W.D. La.2021) (citing *Lemoine v. Wolfe*, 2014-1546 (La. 3/17/15), 168 So. 3d 362, 367.)

Williams alleges criminal proceedings on the intoxicated driving and related charges commenced against him as a result of Officer Palermo's actions and that the proceedings were later dismissed in his favor.[56] He pled the absence of probable cause for such proceedings by alleging that Palermo knowingly included false statements in the affidavit for arrest warrant.[57] This element is further supported by numerous factual allegations found in the *First Amended Complaint*.[58] Additionally, when there is a lack of probable cause, the presence of malice may be assumed under Louisiana law.[59] Williams has satisfactorily pled the essential elements of a state law malicious prosecution claim against Palermo to survive Rule 12(b)(6) dismissal.

2. The Board

Williams has waived any state law malicious prosecution claims against the Board. He asserts an independent state law malicious prosecution claim against Palermo alone.[60] Although the alleged facts (when construed in the light most favorable to Williams) could arguably give rise to a state law vicarious liability claim against the Board, Williams makes no such argument.

The Board avers that Williams failed to state a vicarious liability claim against it under Louisiana law that is plausible on its face and provides multiple arguments to that effect in its *Motion to Dismiss*.[61] Williams focuses his *Opposition* brief almost exclusively on whether Palermo's conduct gives rise to a malicious prosecution claim and whether

---

[56] Rec. Doc. 20, p. 3–4, ¶¶ 8, 10.
[57] Rec. Doc. 20, p. 4–6.
[58] Rec. Doc. 20, p. 4–6, ¶¶ 11–16.
[59] *Thomas v. Gulotta*, CV 15-435-JJB-RLB, 2017 WL 379449, at *11 (M.D. La. Jan. 26, 2017).
[60] In paragraph 20 of the *First Amended Complaint*, titled, "(Malicious Prosecution)", Williams states, "The conduct of the defendant Officer Palermo constituted malicious prosecution because it was conducted for personal reasons and/or without any basis in law or fact and without sufficient factual information." Rec. Doc. 20, p. 6, ¶ 20.
[61] Rec. Doc. 21-1, p. 10–11.

the § 1983 claim against the Board is actionable. He fails to offer any argument or citation to authority addressing whether he has sufficiently pled—or even intended to plead—a state law vicarious liability claim against the Board.

"The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal."[62] "By analogy, failure to brief an argument in the district court waives that argument in that court."[63] Accordingly, Williams' state law malicious prosecution claims against the Board, if any, are dismissed.

## IV.  AMENDMENT

The Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires."[64] "But 'leave to amend is by no means automatic.'"[65] "Courts should ordinarily grant a plaintiff **at least one** opportunity to amend before dismissing a complaint with prejudice for failure to state a claim.[66] However, if the Court finds that amendment is futile, the plaintiff has failed to plead with particularity after being afforded additional opportunities to do so, or the plaintiff abandons his claims, amendment will not be allowed.[67]

---

[62] *Jones v. Caliber Home Loans, Inc.,* CV 18-1023-SDD-EWD, 2020 WL 4342219, at *6 (M.D. La. July 28, 2020) (quoting *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018)); *see also United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver").
[63] *Id.; see also Kellam v. Metrocare Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. CIV. A. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument). *See also Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (finding that, because plaintiff failed to respond to defendant's argument on an issue, the Court could conclude that a policy exclusion applied (citing, *inter alia, JMCB*, 336 F. Supp. 3d at 634)).
[64] Fed. R. Civ. P. 15(a)(2).
[65] *Hutcheson v. Dallas Cnty., Texas*, 994 F.3d 477, 484 (5th Cir. 2021).
[66] *Matthews v. Stolier*, No. 13-6638, 2014 WL 5214738 at *12 (E.D. La. Oct. 14, 2014) (citing *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n.6 (5th Cir. 2000)) (emphasis added).
[67] *See Hutcheson*, 994 F.3d at 484.

Amending claims that have been deemed untimely and barred by operation of law is futile. Therefore, the only claims that are potentially eligible for amendment are those related to the alleged malicious prosecution. However, Williams has already amended his *Complaint* once. Notably, this amendment occurred after Williams received notice of potential deficiencies with his claims that have ultimately led to their dismissal here; the *Motions to Dismiss* before the Court repeat the same arguments for dismissal as those raised in the *Motion to Dismiss* Williams' initial *Complaint*.[68] Williams cannot claim he lacked an opportunity to cure the deficiencies.

Moreover, Williams does not seek to cure the deficiencies by requesting leave to amend his Complaint. The Court is not required to *sua sponte* grant leave to amend a complaint if the plaintiff does not properly request leave to amend.[69] Accordingly, the Court declines to grant leave to amend *sua sponte*.

## V.    CONCLUSION

The *Motion to Dismiss*[70] filed by Defendant the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College is GRANTED, and Plaintiff Clarence Williams' claims against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College are hereby DISMISSED WITH PREJUDICE.

The *Motion to Dismiss*[71] filed by Defendant Officer Andrew Palermo is GRANTED IN PART and DENIED IN PART. The only surviving claims against Officer Palermo are the Fourth Amendment malicious prosecution claim asserted against him in his individual

---

[68] *Compare* Rec. Doc. 21 and Rec. Doc. 31 *with* Rec. Doc. 5.
[69] *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590–91 (5th Cir. 2016); *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir.2021), *as revised* (Nov. 26, 2021).
[70] Rec. Doc. 21.
[71] Rec. Doc. 31.

capacity under 42 U.S.C. § 1983 and the malicious prosecution claim asserted against him under state law. The remaining claims asserted against Officer Palermo are hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 29, 2022</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**