UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE WILLIAMS                                              CIVIL ACTION

VERSUS                                                                      22-12-SDD-EWD

LOUISIANA STATE UNIVERSITY
AND A&M COLLEGE, THE LOUISIANA
STATE UNIVERSITY POLICE
DEPARTMENT, AND OFFICER
ANDREW PALERMO

**RULING**

This matter is before the Court on a *Motion for Summary Judgment*[1] filed by Defendant Officer Andrew Palermo ("Palermo"). Plaintiff, Clarence Williams ("Williams"), filed an *Opposition*,[2] to which Palermo filed a *Reply*.[3] For the reasons addressed herein, the Court GRANTS the *Motion for Summary Judgment* filed by Palermo.

**I.    BACKGROUND**

The following facts are undisputed. This suit arises out of events that began on September 1, 2018 when Williams approached a sobriety checkpoint at the intersection of Nicholson and South Quad Drive in Baton Rouge, LA.[4] Officer Palermo was working the checkpoint as a Louisiana State University Police Department ("LSUPD") law enforcement officer.[5] Law enforcement placed signs at the outmost areas of the checkpoint to notify drivers that there was a checkpoint ahead, and cones channeled all vehicles traveling southbound on Nicholson into a single lane of travel.[6] Palermo, who was tasked with stopping motorists who entered and removed themselves from the checkpoint without

---

[1] Rec. Doc. 48.
[2] Rec. Doc. 53-1.
[3] Rec. Doc. 55.
[4] Rec. Doc. 53-2, p. 1.
[5] Rec. Doc. 53-2, p. 1.
[6] Rec. Doc. 53-2, p. 2.

1

being checked, observed a yellow and black Suzuki motorcycle (later to be determined to be driven by Williams) traveling south on Nicholson.[7] Palermo observed Williams enter the marked checkpoint area before turning around to travel north in the southbound lane, against the flow of traffic.[8] Williams then proceeded in the northbound lane of Nicholson, avoiding the checkpoint.[9] Palermo pursued Williams.[10] As he neared Williams' motorcycle, Palermo activated his lights and sirens to conduct a traffic stop.[11] Williams accelerated his motorcycle before veering off the road to avoid a collision with another vehicle.[12] Williams' motorcycle went "end over end," launching Williams off the bike and onto the roadway.[13]

Palermo called EMS and fire to respond and render aid.[14] Prior to transporting Williams to the hospital, Palermo commenced an investigation at the scene of the accident.[15] Williams did not possess a motorcycle endorsement, and there was no visible license plate on the motorcycle.[16] Due to Williams' medical condition, Palermo could not conduct a field sobriety test or chemical breath test at the scene of the accident.[17]

Baton Rouge Police Department Officer Kenneth Camallo ("Camallo") was also working the checkpoint and arrived at the scene of the accident to assist Palermo in his

---

[7] Rec. Doc. 53-2, p. 3.
[8] Rec. Doc. 48-2, p. 2–3; Rec. Doc. 48-3, p. 39, lines 13–22; p. 135, line 24–p. 136, line 1; Rec. Doc. 48-4, p. 1.
[9] *Id.*; Rec. Doc. 48-3, p. 39, lines 7–11; Rec. Doc. 53-2, p. 3.
[10] *Id.*
[11] *Id.*; Rec. Doc. 48-3, p. 40, lines 13–16; p. 136, lines 2–6; Rec. Doc. 53-2, p. 3.
[12] Rec. Doc. 53-2, p. 3.
[13] *Id.*
[14] *Id.* at p. 4.
[15] *Id.*
[16] *Id.* at p. 4, p. 8.
[17] *Id.* at p. 4.

investigation.[18] Both Palermo and Camallo claimed to have recognized an "extremely strong" marijuana odor emanating from Williams.[19]

Camallo prepared the Uniform Motor Vehicle Traffic Crash Report in connection with Williams' accident and, with Palermo's assistance, prepared a warrant to draw Williams' blood ("Search Warrant").[20] Pursuant to the signed Search Warrant, Williams' blood was drawn while he was in the hospital recovering from the accident.[21]

Although the blood results were still pending, Palermo prepared an application for an arrest warrant ("Arrest Warrant") on September 4, 2018.[22] Palermo attested under oath that he believed, based on the totality of circumstances, that probable cause existed to arrest Williams on all charges, including: (1) Driving While Intoxicated; (2) Reckless Operation; (3) Vehicle License Required; (4) Operators Endorsement Required; (5) Failure to Obey Traffic Control Device (Sobriety Checkpoint); and (6) Driving on Divided Roadway.[23]

The Arrest Warrant was approved and signed by a judge and executed by LSUPD.[24] On July 9, 2020, the Louisiana State Police Crime Lab tested Williams' blood sample, which was negative for ethyl alcohol and positive for Ketamine.[25] On November 24, 2020, the District Attorney dismissed the charges against Williams.[26]

Williams filed the instant suit, alleging federal malicious prosecution claims against Palermo in his individual capacity under 42 U.S.C. § 1983 as well as a state law

---

[18] Rec. Doc. 53-2, pp. 4–5.
[19] Rec. Doc. 48-2, p. 4, p. 6; Rec. Doc. 48-3, p. 52, lines 8–17; p. 55, lines 13–20; p. 136, lines 19–23; Rec. Doc. 48-4, p. 1.
[20] Rec. Doc. 53-2, p. 5.
[21] *Id.*
[22] *Id.* at p. 6.
[23] Rec. Doc. 48-3, p. 136, lines 16–19; Rec. Doc. 48-4, p. 3.
[24] Rec. Doc. 53-2, p. 7.
[25] Rec. Doc. 53-2, p. 7; Rec. Doc. 48-2, p. 10; Rec. Doc. 48-3, p. 118, lines 17–22; Rec. Doc. 48-9, p. 1.
[26] Rec. Doc. 53-2, p. 8.

malicious prosecution claim. When deposed, Williams claimed to have no independent recollection of the events surrounding the September 1, 2018 incident.[27] Williams stated that there is nothing that could jog his memory.[28] Accordingly, the events as recounted by the Defendants are uncontested.[29]

## II. CLAIMS

The Civil Rights Act of 1964, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[30] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....[31]

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[32]

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[33] A § 1983 complainant must support his claim with specific facts

---

[27] Rec. Doc. 53-2, p. 8.
[28] *Id.*
[29] *Id.*
[30] *See Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).
[31] 42 U.S.C. § 1983.
[32] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, (1979)); *accord Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta, Tex.*, 73 F.3d 60, 63 (5th Cir. 1996), *cert. denied*, 519 U.S. 818 (1996); *Young v. City of Killeen, Tex.*, 775 F.2d 1349, 1352 (5th Cir. 1985).
[33] *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997); *Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984).

demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[34]

Palermo moves for summary judgment arguing that Williams cannot satisfy his burden of proof on the malicious prosecution claims, and, alternatively, that Palermo is entitled to qualified immunity. In response, Williams argues that there is a genuine issue of material fact as to whether a constitutional violation occurred proving malicious prosecution because his initial arrest was not supported by probable cause.

For purposes of qualified immunity, the parties debate whether there was a clearly established Fourth Amendment right to be free from malicious prosecution at the time of Williams' arrest in light of the Supreme Court opinion in *Thompson v. Clark*,[35] published in April 2022. William's arrest occurred in 2018, before *Thompson v. Clark* was published. However, the Court need not address the timing the Supreme Court's opinion for qualified immunity purposes, as the facts show that Williams cannot meet the elements of his malicious prosecution claims to survive summary judgment.

### III. LAW AND ANALYSIS

#### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[36] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility

---

[34] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990), *cert. denied*, 498 U.S. 908 (1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Angel v. City of Fairfield, Tex.*, 793 F.2d 737, 739 (5th Cir. 1986).
[35] *Thompson v. Clark*, 596 U.S. 36 (2022).
[36] Fed. R. Civ. P. 56(a).

determinations or weighing the evidence."[37] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[38] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[39] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[40]

Notably, "[a] genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[41] All reasonable factual inferences are drawn in favor of the nonmoving party.[42] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[43]  "Conclusory allegations unsupported by specific facts . . . will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without "any significant probative evidence tending to support the complaint."'"[44]

---

[37] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[38] *Guerin v. Pointe Coupee Par. Nursing Home*, 246 F. Supp. 2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986)).
[39] *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[40] *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little*, 37 F.3d at 1075).
[41] *Pylant v. Hartford Life & Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[42] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[43] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (internal citations omitted).
[44] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

Williams cannot satisfy his burden on summary judgment of establishing that Palermo violated his Fourth Amendment right to be free from malicious prosecution. According to the Fifth Circuit, a plaintiff must prove the following six elements to prevail on a constitutionalized malicious prosecution claim: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.[45] Additionally, a plaintiff must also prove the "threshold element[s] of an unlawful Fourth Amendment seizure."[46] "[I]f the prosecution is supported by probable cause on at least one charge, then a malicious prosecution claim cannot move forward."[47] The elements of a § 1983 malicious prosecution claim and the elements of a Louisiana state malicious prosecution claim are coextensive.[48] Accordingly, the Court can simultaneously analyze whether there has been a violation of a constitutionally protected right along with the state law malicious prosecution claim.

In doing so, the Court has determined that neither of Williams' claims can survive summary judgment because at least one of the charges for which he was arrested was supported by probable cause.[49] Williams testified that he did not possess a motorcycle endorsement and that the license plate was "wedged" in the back of the motorcycle, not

---

[45] *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023).
[46] *Id.*
[47] *Id.* at n.15.
[48] *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023).
[49] *See id.* at n.15 ("Importantly, because an unlawful seizure is the threshold element, *see Thompson*, 142 S. Ct. at 1337 n.2, if the prosecution is supported by probable cause on at least one charge, then a malicious prosecution claim cannot move forward.")

visible to other vehicles.[50] This testimony supports probable cause for two of the six charges: absence of a vehicle license and absence of an operator's endorsement as required.[51] Further, Williams cannot dispute the facts supporting probable cause of the charges of reckless operation, failure to obey traffic control device, and driving on a divided roadway because Williams cannot recall the incident.[52]

The only fact in dispute relevant to the probable cause determination is whether Williams smelled of marijuana.[53] However, probable cause depends on the totality of the circumstances, and facts exist which support probable cause for the DWI charge.[54] Namely, the undisputed facts are that Williams drove recklessly, illegally turned around within a marked DWI checkpoint, drove on a divided roadway against the flow of traffic, did not yield to the attempted traffic stop by Palermo, and was involved in a single vehicle accident that caused him to be launched from his motorcycle onto the roadway.[55] Accordingly, the Court finds that probable cause for the arrest existed even without the statement that Williams smelled of marijuana. Williams cannot establish his federal or state malicious prosecution claims.

---

[50] Rec. Doc. 48-12, p. 46, line 11–p. 47, line 17.
[51] Rec. Doc. 48-4, p. 3.
[52] Rec. Doc. 48-12, p. 41, line 17–p. 43, line 13.
[53] Williams contends that the lack of documentation by EMS and Emergency Room personnel that they detected a marijuana odor supports his contention that he did not smell of marijuana. Rec. Doc. 53-1, pp. 11-12. Williams offers these facts without any evidentiary support that this is something that would otherwise be documented. *Id.* Further, Williams offers an affidavit submitted by attorney Rosaline Freeman in support of this contention that his clothes did not smell of marijuana. *Id.* at 13. The affidavit, however, merely states that Freeman became custodian of the clothes "shortly after the incident" and they did not smell of marijuana. Rec. Doc. 53-8. This contention, however, does not stand contrary to the assertion that Williams smelled of marijuana on the night of the incident. *See Forbes v. Harris Cty.*, 804 F. App'x 233, 238–39.
[54] *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) ("Because probable cause deals with probabilities and depends on the totality of the circumstances, it is a fluid concept that is not readily, or even usefully, reduced to a neat set of legal rules. It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause is not a high bar." (internal quotations and citations omitted)).
[55] Rec. Doc. 48-3, p. 59, line 14–p. 60, line 8; Rec. Doc. 48-12, p. 41, line 17–p. 42, line 13.

## IV.   CONCLUSION

For the reasons set forth above, the *Motion for Summary Judgment*[56] filed by Defendant Officer Andrew Palermo is hereby GRANTED, and Plaintiff Clarence Williams' remaining claims are hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 5, 2024.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[56] Rec. Doc. 48.